UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. 6:24-CR-25-CHB-HAI |
| v. | ) ) |
| SAMUEL H. YOUNG, | ) RECOMMENDED DISPOSITION[1] ) |
| Defendant. | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 23, 2024, counsel for Defendant Samuel H. Young (Travis Rossman, who is Defendant's second appointed attorney) filed a motion for a pretrial competency examination. D.E. 38. According to the motion, Defendant

> has demonstrated unusual and irrational behaviors that are seemingly designed to sabotage his own defense. He becomes irrationally angry and shuts down productive discussion of his defenses during meetings with Counsel. . . . Young persistently changes the topic and becomes argumentative. . . . Young demonstrates disorganized thinking. He asks a question and then interrupts the response to ask another question in the next breath. It is impossible to stay on topic during discussions. Most lines of conversation end with Young engaging in an angry outburst."

*Id*.

On August 29, the Court conducted a hearing on the motion. D.E. 43. Defense counsel relied on the written motion and reported that Defendant was now requesting to represent himself. Defendant addressed the Court and denied that he has the sorts of angry outbursts described in the motion. He also told the Court he was trying to acquire funds to hire a lawyer

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

but would prefer to represent himself until that happens. *See* D.E. 44. Defendant was ordered to undergo a competency and sanity examination at the Federal Medical Center in Lexington, Kentucky. D.E. 48. Trial is currently set for January 7, 2025. D.E. 46.

On October 29, 2024, the Court and parties received the thorough ten-page Forensic Psychological Report from forensic psychologist Haley Wentowski, Psy. D. D.E. 61.

On November 6, 2024, the Court then conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). D.E. 62. The parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Wentowski's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party

bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The defense stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Wentowski. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Wentowski directly observed Defendant via interviews and subjected him to (1) the Minnesota Multiphasic Personality Inventory-3 and (2) the Revised Competency Assessment Instrument. D.E. 61. Dr. Wentowski reviewed Defendant's BOP medical and psychological records. She reviewed a phone call he made at the medical center and spoke to attorney Rossman and the prosecuting attorney. *Id*.

The Report diagnoses Defendant under the DSM-5 with Other Specified Personality Disorder with Narcissistic Traits. D.E. 61 at 5. It explains that personality disorders are not generally considered severe mental illnesses; they are more intentional or volitional than other psychiatric disorders. *Id*. at 6.

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

According to the Report, Defendant reported no history of diagnosis, hospitalization, or treatment for a psychological disorder. He reported no mental health concerns whatsoever. As far as substance abuse, he reported only infrequent use of marijuana and alcohol. D.E. 61 at 3. While at FMC Lexington, he showed no indication of delusional beliefs, memory impairment, confusion, or bizarre behavior. *Id*. at 4-5. He "did not evidence signs of anxiety, depression, mania, psychosis, or any other mental health condition." However, Defendant "presented himself in a very positive light by denying several minor faults and shortcomings which most people will readily acknowledge." *Id*. at 4. Defendant's diagnosis means he "has a grandiose sense of self-importance" and "a sense of entitlement." For example, he "occasionally showed arrogant, haughty behaviors or attitudes." *Id*. at 5.

The Report also amply describes Defendant's adequate understanding of the nature and consequences of the proceedings against him and his ability to rationally assist in his defense. D.E. 61 at 6-9. The Report finds him competent to proceed. *Id*. at 10. The Report records some criticisms Defendant expressed toward his attorney. It notes that "traits of his personality disorder will likely make Mr. Young a difficult client to represent." *Id*. at 9. And he may be "difficult for Officers of the Court to interact with." *Id*. at 10.

At the final hearing, defense counsel had no evidence to contradict the Report. He said the Report was consistent with his interactions with Defendant since his return to this District. The Court stated an intention to address any lingering dissatisfaction-with-counsel issues after the District Judge rules on this recommendation. Defense counsel said this may not be needed, as he and Defendant "are on pretty good terms" right now.

In the Report, Dr. Wentowski accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. The Report unambiguously supports

a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. As discussed at the final hearing, any objection must be filed within **FIVE DAYS** after entry. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Boom for her consideration.

This the 7th day of November, 2024.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge